UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENEE WILLIAMS,<br>Plaintiff,<br>-against-<br>CENTRAL INTELLIGENCE AGENCY, ET AL.,<br>Defendants. | 26-CV-4347 (KMW)<br>ORDER OF DISMISSAL |

KIMBA M. WOOD, United States District Judge:

Plaintiff, a resident of Queens County, is appearing *pro se*. By Order dated July 23, 2026, ECF No. 13, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is

'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits –– to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

**BACKGROUND**

The following allegations are drawn from the complaint.[1] Plaintiff brings this action against the Central Intelligence Agency ("CIA") and CIA Director John Ratcliffe, Federal Bureau of Investigation ("FBI") Director Kash Patel, Kenneth Genalo of the Department of Homeland Security ("DHS"), and "the United States Government Federal Tort Claims Act MK Ultra Project."

Plaintiff's claims arose during a 26-year period, from 2000 to the present.[2] (ECF 1, at 6.) She describes her claims as involving "Ancestor's Slave families Conspiracies" and "Private Public Nuscance Sex crimes Conspiracies." (*Id.*) Plaintiff further alleges the following:

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the original complaint unless noted otherwise.

[2] Plaintiff has filed numerous actions in this court. *See, e.g.*, *Williams v. Soc. Sec. Admin.*, No. 26-CV-5590 (LTS) (S.D.N.Y. July 20, 2026) (transferred to the Eastern District of New York); *Williams v. Patel*, No. 26-CV-4429 (LTS) (S.D.N.Y.) (pending); *Williams v. Chuwka*

> I'm dealing with religious cult's (secrecy) intimidations isolations, Physical torturment by mercenaries who been trine to Act in Concert to cause my Death such as this tactic cause my Mom's Death 2000 medical neglience cause my older Brother Death 2003 within Rehab Hospital in North Carolina. We were target due to being Slaves Children (Bascially) Vegenaces that lead to cover ups, neglect by law enforcement ever bullying by police in their families. We were lied to by (Dept of Educations) on slavery.

(*Id.* at 7.)

Plaintiff purports to bring this "Freedom Suit" on behalf of herself and her siblings, Tenee Williams, Joanna S. Southerland, Michael Rakesh Southerland, Darnell Timothy Williams, Shawanda M. Williams Shaquana Williams, and Dontress Savon Willams. (*Id.* at 6.) Plaintiff states that she seeks:

> our children's children freedom and also to be released from conspiracies to commit or intent to commit crimes that lead to criminal justice system or ACS stalking, harrassments I Been Retailated aganist by slave master family's Friends using the Community's I've Been place into Psychological warfare after losing my mom to Robert Duncan Weaponry. I been target after her Death in so as my sibling's.

(*Id.*)

Plaintiff brings claims arising from "CIA MK Ultra target programming / mind games." (*Id.* at 5.) Plaintiff asserts that she was "electronically raped" and teased publicly and privately. (*Id.* at 7.)

Plaintiff invokes the Court's federal question jurisdiction and describes this as a "Spartus Sequitur Ventrem freedom suit." (*Id.* at 3.) Plaintiff also references 18 U.S.C. § 1589, citing

---

*Ogbuka*, No. 25-CV-10832 (LLS) (S.D.N.Y. Jan. 12, 2026) (claims against Eric Gonzalez, the Kings County District Attorney, Judge Guy J. Mangano, and the "Rose M. Singer Correctional Facility" dismissed as frivolous); *Williams v. Christopher*, No. 25-CV-10130 (LTS) (S.D.N.Y. Jan. 20, 2026) (dismissed without prejudice for failure to submit IFP application)*: Williams v. Rose M. Singer Corr. Fac*, No. 25-CV-10026 (LTS) (S.D.N.Y. Feb. 20, 2026) (claims against Eric Gonzalez, Judge Guy J. Mangano, and the Rose M. Singer Correctional Facility dismissed for failure to submit IFP application); *Williams v. The Brooklyn Defenders*, No. 25-CV-7648 (LTS) (S.D.N.Y. July 20, 2026) (reopened and transferred to the Eastern District of New York).

"force[d] coercive labor," and 18 U.S.C. §§ 1001, 1621 and 1623, as well as the Federal Tort Claims Act ("FTCA"). Plaintiff seeks "Surgery to fixed what's Damaged," restitution, injunctions, and equitable relief. (*Id.* at 7.)

## DISCUSSION

### A. Claims on Behalf of Others

Plaintiff purports to bring claims on behalf of her siblings, as well as on her own behalf. As a nonlawyer, however, Plaintiff can only represent her own interests. *See* 28 U.S.C. § 1654; *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that Section 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself'"). The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of others.

### B. Prosecution of Criminal Claims

Plaintiff appears to seek criminal prosecution of some Defendants. Plaintiff cannot initiate the arrest and prosecution of an individual in federal court, however, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Neither Plaintiff nor the Court can direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("A citizen lacks standing to contest the policies of the

prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."). The Court dismisses Plaintiff's claims under federal criminal statutes for lack of standing.

**C. FTCA Claims**

Plaintiff references the FTCA, which provides for a limited waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). As an initial matter, the complaint does not plainly identify the tortious conduct of federal agents on which Plaintiff bases her claims.

Moreover, before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and receive a final written determination.[3] 28 U.S.C. § 2675(a); *see Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). The requirement that claims be presented to the agency for administrative exhaustion is "jurisdictional, [and] cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *see Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 728 (E.D.N.Y. 2015) ("Failure to comply with [presentment] results in dismissal of the suit."). "The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

Plaintiff does not allege any facts suggesting that she exhausted her administrative remedies with any federal agency before commencing this action. Because the requirement to

[3] Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a); *A.Q.C. ex rel Castillo v. United States*, 715 F. Supp. 2d 452, 457 (2d Cir. 2010) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)).

plead exhaustion of administrative remedies under the FTCA is jurisdictional, and Plaintiff fails to allege that she exhausted administrative remedies, the Court lacks jurisdiction of Plaintiff's FTCA claims. The Court therefore dismisses Plaintiff's FTCA claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Finally, as to the remaining allegations in the complaint, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, there is no legal theory on which Plaintiff can rely, and a finding of frivolousness is warranted. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses any remaining federal claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**D. Supplemental Jurisdiction of State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E. Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).. Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Court dismisses Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to terminate all pending motions and enter judgment in this action.

SO ORDERED.

Dated: July 28, 2026
New York, New York

/s/ Kimba M. Wood

KIMBA M. WOOD
United States District Judge